636 So.2d 721 (1993)
EASTPOINTE CONDOMINIUM ASSOCIATION I, INC., Appellant,
v.
PALM BEACH ISLES ASSOCIATES, State of Florida Department of Environmental Regulation, and Trustees of the Internal Improvement Trust Fund of State of Florida, Appellees.
No. 91-3542.
District Court of Appeal of Florida, Fourth District.
April 14, 1993.
Rehearing Denied March 16, 1994.
Thomas J. Baird of Thomas J. Baird, P.A., Palm Beach Gardens, and Terrell K. Arline of Terrell K. Arline, P.A., (withdrawn after filing brief), Palm Beach Gardens, for appellant.
Arnold M. Weiner of Brigham Moore, Gaylord, Wilson, Ulmer, Schuster & Sachs, Miami, for appellee  Palm Beach Isles Associates.
Patricia E. Comer, Asst. Gen. Counsel, Tallahassee, for appellee  Department of Environmental Regulation.
PER CURIAM.
AFFIRMED.
FARMER, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.
GLICKSTEIN, C.J., dissents with opinion.
GLICKSTEIN, Chief Judge, dissenting.
This is an appeal by an adjoining landowner/intervenor from a final consent judgment entered fourteen days prior to the trial court's order which allowed appellant's intervention as a party. For all practical purposes, appellant was limited to this appeal, the time for rehearing having passed by the time appellant became a party.
The consent final judgment was entered pursuant to a stipulation between all parties *722 claiming an ownership interest in wetlands  the petitioners in the action for declaratory relief in the trial court  and the defendants in that action  the Department of Environmental Regulation (DER) and the Trustees of the Internal Improvement Fund (Trustees).
The history of the subject property reflects that the Trustees conveyed it to the owner's predecessors in 1924 under the authority of chapter 7304, Laws of Florida (1917), with standard reservations for minerals and petroleum. The express effect of the stipulation in the trial court was to eliminate the state's environmental involvement in the fill of the subject property and to abstain totally in favor of the U.S. Corps of Engineers.
Florida precedent at the highest judicial level provides an answer as to the burden of proof, although not the ultimate issue here.
In Zabel v. Pinellas County Water and Navigation Control Authority, 171 So.2d 376 (Fla. 1965), the Authority denied a dredge and fill permit for approximately 11.5 acres of submerged land in Boca Ciega Bay, upon which the owners wished to extend a trailer park situated on their upland property. The supreme court held that the denial of a permit to fill amounted to a taking of property without just compensation because it was not established that the granting of the permit would materially and adversely affect the public interest. However, that decision turned on who had the burden of proof, not the issue of whether the deed exempted the owner-applicants from the state's regulations under its police powers. The supreme court held that the district court was in error in failing to find that a denial of the permit could be sustained as a valid police regulation only if material adverse effect on the specified public interest was proven. Id. at 381. The record failed to demonstrate any material adverse effect on the public interest, primarily because the Authority was mistaken in its view that the applicants had to prove the proposed fill would not materially affect adversely any of eight specified public interests. Id. at 378-79.
The supreme court held as follows:
The sale of the land by the state to appellants' predecessors in title expressly carried with it by statute the right to bulkhead and fill. This right, a form of property, was at all times a legitimate public concern and as such is subject to reasonable regulation under the police power.
Id. at 379 (footnotes omitted). Applying this statement to the instant case leads to the conclusion that if the record establishes adverse material effect, DER may deny a permit, provided that the denial is a reasonable restriction on the use of the property in the exercise of the state's police power. Hence, it can to create an exception to chapter 403, Florida Statutes, specifically sections 403.91-403.938 known as the Warren S. Henderson Wetlands Protection Act of 1984, by claiming reliance on the holding in Zabel. See also Graham v. Estuary Properties, Inc., 399 So.2d 1374, 1379 (Fla.) (stating that denying the applicants in Zabel rights to dredge, fill and bulkhead the land deprived them of the only beneficial use of property so that placing burden of proof on them to show no adverse impact on public interest would be unconstitutional), cert. denied sub nom. Taylor v. Graham, 454 U.S. 1083, 102 S.Ct. 640, 70 L.E.d.2d 618 (1981).
Environmental laws are adopted and applied as a valid exercise of the state's police pourer. See Little Munyon Island, Inc. v. Dep't of Envtl. Regulation, 492 So.2d 735 (Fla. 1st DCA 1986) (despite fact that predecessor in title bought land with right to fill it, present owner could be required to seek permit to do so); and Dep't of Envtl. Regulation v. Oyster Bay Estates, Inc., 384 So.2d 891 (Fla. 1st DCA 1980) (although state cannot sell submerged lands to private owners and then deny owners the right to use the lands in the only way in which private ownership can be of any value, the state, in the exercise of its police power, may place reasonable restrictions upon the use of such property in the interest of public health, welfare, morals and safety).
As the supreme court noted in Graham, the owner of land has no absolute right to change the essential natural character of land so as to use it for a purpose for which it was unsuited in its natural state and which injures the rights of others. 399 So.2d at *723 1382. Furthermore, as appellant correctly points out, the stipulation is recorded as a public document and may set a precedent to be used as a basis in other similar actions for property owners to avoid compliance with environmental regulations. As the law exists now, this court cannot assist with that avoidance.
Given all of the circumstances, it is my view that the final judgment entered upon stipulation does not serve all of the parties', nor the public's, interest and that all concerned are entitled to an adversarial determination on whether the property is subject to current statutory environmental regulations. Accordingly, I would reverse and remand with direction to the trial court to determine whether the property owner's right to beneficial use is subject to current statutory environmental requirements governing the development of wetlands.